**UNITED STATES v. McGUGIN et al. .**

District Court, D. Kansas, Third Division.
July 5, 1928.

No. 293–N.

Al. F. Williams, U. S. Atty., of Topeka, Kan., and Charles B. Selby, Sp. Asst. Atty. Gen.

Keith & McGugin, of Coffeyville, Kan., for defendants.

POLLOCK, District Judge. This suit was instituted by the government against defendants, for the alleged purpose of discovering where and in what property a large

sum of money, once the property of a full-blood Creek Indian ward of the government, Jackson Barnett, and by him turned over to his wife, Anna Laura Barnett, and in turn by her paid over to defendants, McGugin & Keith, as and for attorney's fees for services rendered in her behalf, is invested or located. The further prayer of the bill is, when such property by the parties is fully disclosed and located, the same shall be decreed by the court to be the property and money of its ward, Jackson Barnett, and be by the court ordered decreed to be turned over to the custody of the honorable Secretary of the Interior, for the use, benefit, and advantage of the ward, Barnett.

The bill of complaint comprises 155 pages of typewritten matter, is unusually prolix, involved, complicated, and offends against every principle of correct and clear pleading of the ultimate facts relied upon as ground for the relief prayed. It is based on the thought, apparently, of the existence of a conspiracy on the part of the now wife of Jackson Barnett, Anna Laura Barnett, through the counsel and machinations and advice of defendants, McGugin & Keith, to carry said Barnett off and marry him, willy-nilly, to the end that said conspirators might despoil him of his large wealth for their ultimate benefit and advantage. And as this vast wealth had come to the hands of the Secretary of the Interior for the Indian ward, Barnett, through the fact he is a member of the Creek Indian Tribe of Indians, and procured as a member of said tribe his restricted allotment of the tribal lands, and by the consent of the Secretary of the Interior had leased these lands, on which was found oil in large paying quantities, not only the full details of Anna Laura's confederated courtship of her husband is pleaded in extenso, but the leasing of the Barnett lands, for the purpose of prospecting for oil and gas, to different persons and companies, is also set forth in the most tiresome detail, as well as the appointment of a guardian for the incompetent Indian ward, Barnett, by the probate court of Okmulgee county, and a vast number of other matters, all described and detailed to almost infinite endings. Now, the fact is, if Anna Laura wanted Barnett for her husband, she had the right to go out and get him if she could, and as they are, for all the purposes of this case, at least, lawfully married, nothing can be done about that in this litigation in this court.

As the lands of Barnett on which the oil was produced, making for him his vast riches, appears to have been leased with the sanction and approval of the department of the government having such matters in hand, it must be assumed to have been regularly done, without pleading or proof in this case. In so far as the appointment of a guardian for Jackson Barnett by the probate court of Okmulgee county, Oklahoma, is concerned, all this appears to have happened without any right or sanction of the law, and, like other matters, have neither part nor lot in any purpose to be accomplished by this litigation. It would seem an orderly procedure in a case of this character would have been to have averred in some simple, clear, certain manner the facts tending to show the property involved in this suit is in law and equity, and always has been, the property of the Indian ward, Jackson Barnett, and the facts constituting the right of the government for this reason to follow, identify, and recover the same, or the property into which it was traced as a trust fund; and this, because the government has no right to litigate with defendants, or those who may hold the property in dispute, or its proceeds, until that right of the government in the fund is established. That being established, the right to follow, as a trust fund, the property in dispute would seem apparent.

Defendants move to dismiss this bill of complaint for want of equity on different grounds, one of these grounds being this: The pleading of plaintiff discloses that after the marriage of Jackson Barnett and wife he made application to the Department of the Interior for authority to turn over to his then wife a large amount of his wealth then collected and in the care and custody of the honorable Secretary of the Interior for his use; that this application was presented to the Secretary of the Interior, and, being approved by the Commissioner of Indian affairs, the Superintendent of the Five Civilized Tribes of Indians, and all others in interest having these matters in charge, was approved, and the disbursement ordered to be made, and was made.

It is the further contention of defendants that, this disbursement of the moneys of Jackson Barnett being so approved and allowed, the property was by the Indian ward, Barnett, turned over to his wife, and whatever moneys or funds thus came into her hands became her property, and, she having paid to the other defendants the legal fees by them charged out of these moneys, that the government has no interest whatever in the matter, and that the act of Barnet, turning over out of his property to his lawful wife, having been fully and fairly submitted to

and approved by the Secretary of the Interior, agents, and representatives of the government, in the absence of any fraud or collusion on the part of any one being pleaded in the bill, the action of the officials of the government in directing this to be done binds the government and all parties fully and finally. Now, from a reading of the voluminous bill of complaint, no such pleading of fraud, collusion, imposition, or deception as would be necessary to set aside any such act of the representatives of the government is found pleaded, the question is, is the failure to so plead fatal to the bill on this motion to dismiss?

That Congress has full and complete authority over the leasing for oil or gas of restricted Indian lands, such as was Barnett's in this case, and also over the collection, care, and distribution of moneys received in the shape of royalties, as the moneys involved in this case, there can be no doubt whatever. That Congress, in the exercise of this its political power of the government, has by its laws delegated to and conferred upon the honorable Secretary of Interior the duty and obligation not only in his judgment to approve leases of such restricted lands, but to collect, care for, and disburse the royalties arising from such leasing of Indian lands, as in his judgment may be for the best interests of the ward of the government to which it belongs, there can be at this late day no question whatever. See Parker v. Richard, 250 U. S. 235, 39 S. Ct. 442, 63 L. Ed. 954; Tiger v. Western Investment Co., 221 U. S. 286, 31 S. Ct. 578, 55 L. Ed. 738; Lone Wolf v. Hitchcock, 187 U. S. 565, 23 S. Ct. 216, 47 L. Ed. 299; United States v. Kagama, 118 U. S. 375, 6 S. Ct. 1109, 30 L. Ed. 228; Sperry Oil Co. v. Chisholm, 264 U. S. 488, 44 S. Ct. 372, 68 L. Ed. 803; and a wealth of other cases referred to therein.

To my mind, the above propositions are settled beyond all dispute. In this case, under the pleadings, on application of the ward Barnett, to the honorable Secretary of the Interior to disburse out of his estate to his wife, Anna Laura Barnett, a part of the oil royalties collected on the Barnett restricted lands then in the care of the Secretary, such order of disbursement was made on the recommendation of the Commissioner of Indian affairs and the Superintendent of the Five Civilized Tribes, and, being made, was carried into execution in the exercise of the sound judgment and discretion of the Secretary. This suit is brought to supervise, set aside, and control this action and judgment of the honorable Secretary, which he in good faith made, in the absence of any fraud or deception practiced upon any one, in so far as pleaded in this case. In my opinion, this may not be done by the court.

The motion to dismiss will therefore be sustained. It is so ordered.